UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KREN/KAREN Y. BURGESS,            Case No. 1:24-cv-181
    Plaintiff,                                         Cole, J.
                                                        Litkovitz, M.J.
    vs.

COMMISSIONER OF SOCIAL           ORDER
SECURITY, *et al.*,
    Defendants.

This matter is before the Court on the motion by defendants (the Commissioner of Social Security and several employees of the Social Security Administration (SSA)) for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (Doc. 16). Pro se plaintiff Kren/Karen Y. Burgess filed a response. (Doc. 17). Prior to this motion, plaintiff filed a motion seeking "immediate judicial remedy/relief. . . ." (Doc. 12).[1]

## I.    Amended Complaint

Plaintiff alleges that in 1993, she filed a "SSDI claim" on behalf of herself and two dependents. (Doc. 5 at PAGEID 52). Plaintiff alleges that on March 6, 2021, defendant "Mr. Grace" called her from the local SSA office on 10205 Reading Road in Cincinnati, Ohio to tell her that she "(won) [her] (SSDI) appeal reward – $^{(3)}$1993 – $^{(4)}$2024" and ask her why she did not respond regarding the rewards letter sent to 2756 Ridgewood Ave, Cincinnati, Ohio 45213. (*Id.*). Plaintiff asked defendant Grace for the letter to be sent to a shelter in Atlanta, Georgia, but he refused. (*Id.*).

Plaintiff next alleges that on May 20, 2021, she spoke with defendant "Ms. Murray" from the local SSA office on 10205 Reading Road in Cincinnati, Ohio. Defendant Murray informed

---

[1] Plaintiff filed a notarized version of this motion (Doc. 13 at PAGEID 101-02), along with a statement that is partially illegible (*id.* at PAGEID 100).

her that a judge had ordered withholding of her "(SSDI) appeals payments. . . ." (*Id.* at PAGEID 54). Defendant Murray noted "several documents" related to "sudden changes of [plaintiff's] addresses. . . ." (*Id.*).

Plaintiff next alleges that on May 11, 2023, she submitted defendant "Mr. August" an identity theft affidavit in person at the local SSA office on 10205 Reading Road in Cincinnati, Ohio. (*Id.* at PAGEID 55). Plaintiff alleges that she asked for a copy of her March 2021 award letter (apparently the one referenced by defendant Grace) but that defendant August informed her that "none of [her] inquir[i]es w[ere] available . . . [be]cause he couldn't retrieve . . . information from th[eir] data. . . ." (*Id.*). Defendants Grace, Murray, and "Mr. Ultragrove" were also unable to provide this information. (*Id.*).

Otherwise, plaintiff references mental health providers (*id.* at PAGEID 52) and chronic homelessness (*id.* at PAGEID 54) and alleges that her "identity was compromised" (*id.*). Plaintiff seeks "immediate[] repay[ment]" of the "3/21 SSDI appeals reward. – 1993 – 2024." (*Id.* at PAGEID 53). As of time of her May 2024 amended complaint, plaintiff has yet to "receive[] any mail addressing [her] appeals reward." (*Id.* at PAGEID 55).

II. **Analysis**

A. <u>Motion for a more definite statement (Doc. 49)</u>

A party may move for a more definite statement of any pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such motion must both "point out the defects" of the pleading and identify the "details desired." *Id.* "Whether to grant a motion for a more definite statement is a matter within the discretion of the trial court. . . ." Charles Alan Wright & Arthur R. Miller, 5C <u>Federal Practice and Procedure</u> § 1377 (3d ed.). *See also Becker v. Clermont Cnty. Prosecutor*, No. 1:07-cv-511, 2008 WL

2

2230178, at *2 (S.D. Ohio May 29, 2008) (quoting 2 Moore's Federal Practice § 12.36 (3d ed. 2003)) (same).

In defendants' motion, they represent that they (and their counsel) have diligently researched SSA records and sought out information from local SSA offices about their interactions with plaintiff in an attempt to understand her amended complaint. This investigation shows:

- Plaintiff received a favorable determination from the SSA in 2010, which resulted in "a payment of significant past-due benefits in 2010." (Doc. 16 at PAGEID 131 and 133 n.1). (*See* Fully Favorable Atty. Advisor Decision, Doc. 16-1 at PAGEID 142 (noting that plaintiff "was previously determined to be entitled to a requested period of disability for the period February 14, 2000, through August 1, 2003") and PAGEID 146 (finding plaintiff "under a disability . . . since May 19, 2006. . . .")).

- Plaintiff frequently visits local SSA offices alleging that she is due additional money from the SSA and raising issues with various entities other than the SSA (e.g., medical providers, shelters, and other federal agencies).

- The State of Ohio has sometimes paid plaintiff's Medicare Part B premiums; if it does not (due to plaintiff not timely filing renewal paperwork with the State of Ohio), these premiums are deducted from her social security benefits. It appears that the State of Ohio recently resumed paying plaintiff's Medicare Part B premiums, which would cause her social security benefits to increase.

- Plaintiff reported that she did not receive a social security benefit check on March 4, 2021, and the check was reissued on March 8, 2021.

- Plaintiff has raised the issue of identity theft with a local SSA office, but the office notified plaintiff that it would need corroborating evidence before issuing a new social security number.

- Plaintiff has changed banks multiple times, which has interfered with the direct depositing of her social security benefits.

- The Bureau of Fiscal Service in the Department of the Treasury issued notices to plaintiff in 2019 and 2020 that some of her social security benefits would be applied to delinquent debts owed to another federal agency.

Defendants' investigation *did not* yield any information or documentation about a decision or award by any ALJ or the Appeals Council in 2021 or around that time.

Defendants argue that plaintiff's amended complaint, even read with the foregoing context, leaves open a number of questions that plaintiff must answer in order for them to assemble a meaningful answer or response. (Doc. 16 at PAGEID 135-36). Plaintiff's response to defendants' motion does not provide information to clarify her amended complaint. Based on the foregoing, the Court grants defendants' motion. Plaintiff is **ORDERED** to provide the following information to clarify her amended complaint:

1. If the amended complaint is about how the Social Security Administration decided an appeal around March 2021, provide details about what Ms. Burgess said in the appeal, when she filed it, and any documents she has about the appeal (like an acknowledgement notice or hearing notice).

2. If the amended complaint is about being denied a specific document from the Social Security Administration around March 2021, provide written information that could help defendants identify that document.

3. If the amended complaint involves issues with organizations other than the Social Security Administration (like doctors, shelters, other federal agencies, or state programs), list each organization and explain how their actions or inaction relate to the amended complaint against the Commissioner or Social Security Administration employees named in the amended complaint.

4. If Ms. Burgess believes she did not get the full amount of benefits for any month, list those months and provide any details she has about the underpayment (like the amount of the underpayment or why it happened).

5. If the amended complaint is about Medicare Part B premium payments, list the months in which the charges were wrong and explain how the issue relates to the Commissioner or Social Security Administration employees named in the amended complaint.

6. If the amended complaint is about not receiving a payment that was sent by the Social Security Administration, provide enough details (like the date and amount) for defendants to identify the payment.

7. If the amended complaint is about her benefits being applied to a debt owed to another federal agency, state this clearly.

8. If the amended complaint is about something else, please provide a short and clear statement explaining the issue and why Ms. Burgess believes she should be given relief.

B. Plaintiff's motion (Doc. 12)

The Court will also deny plaintiff's motion seeking "immediate judicial remedy/relief." (Doc. 12). It appears plaintiff asks for this relief because she has not received social security benefits pursuant to an Administrative Law Judge's (ALJ's) decision (*id.* at PAGEID 96) and otherwise cites "human rights violations" and "abuse of power" without attributing them to any particular individual (*id.* at PAGEID 98). Granting plaintiff relief at this point in her lawsuit is premature because she has not established that she is entitled to immediate relief. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's motion (Doc. 12) is **DENIED**.

2. Defendants' motion for more definite statement (Doc. 16) is **GRANTED**.

3. Plaintiff shall provide her answers to questions one through eight above by **December 18, 2024**.

5

4. Within 21 days of the filing of plaintiff's answers to these questions, defendants shall file their responsive pleading.

Date: 12/3/2024

*Karen L. Litkovitz*
Karen L. Litkovitz
Chief United States Magistrate Judge