UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**KREN/KAREN Y. BURGESS,**

      **Plaintiff,**

   v.

**COMMISSIONER OF SOCIAL SECURITY, et al.,**

      **Defendants.**

Case No. 1:24-cv-181

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Litkovitz

## ORDER

One thing is clear: Plaintiff Kren/Karen Y. Burgess has a bone to pick with Defendants Commissioner of Social Security and various underlying agency personnel. But more than a year after this case's inception, neither the Defendants, the Magistrate Judge assigned to this case, nor this Court can discern exactly what relief Burgess seeks. And that puzzlement isn't for a lack of trying—as discussed below, Defendants and the Court have gone to great lengths to understand Burgess's grievances. After much back-and-forth, though, the Magistrate Judge ultimately issued a Report and Recommendation (R&R) advising the Court to grant Defendants' request for dismissal under Federal Rule of Civil Procedure 41(b).[1] (Doc. 22). For the reasons discussed below, the Court **ADOPTS** that recommendation, **GRANTS IN PART** Defendants' Renewed Motion for a More Definite Statement, Or In the

---

[1] The Magistrate Judge also based her recommendation on a provision of Rule 12(e) that Defendants didn't cite in their motion. Nonetheless, the Court will discuss that provision below, as it supplied a basis for the recommendation under consideration here and can be raised sua sponte by the Court. *See* Fed. R. Civ. P. 12(b).

Alternative, Motion to Dismiss for Failure to Follow a Court Order (Doc. 21), and **DISMISSES** Burgess's claims **WITHOUT PREJUDICE**.

Start with what we do know. Burgess filed her initial Complaint on April 2, 2024, along with her motion to proceed in forma pauperis (IFP). (Docs. 1, 1-1). The Magistrate Judge, while screening that Complaint under 28 U.S.C. § 1915, found it "very difficult to read and understand." (Order, Doc. 4, #46). So she ordered Burgess to file an amended complaint. (*Id.*). Burgess did so, (Doc. 5), and after some procedural back-and-forth about service of process, (*see* Docs. 6, 8), Defendants moved for a more definite statement under Federal Rule of Civil Procedure 12(e). (Doc. 16). In their motion, they explained that "[a]lthough difficult to understand, the [amended] complaint appears to allege that the Social Security Administration is refusing to implement" an administrative law judge's decision to award benefits to which Burgess was entitled. (*Id.* at #128). But in spite of their "considerable efforts" to understand the *specifics* of that grievance—including reviewing nearly 150 documents spanning multiple agencies and levels of government—Defendants have been "unable to find any decision … or any other determination that is even similar to the characterization of the alleged decision." (*Id.* at #130–33). That being the case, they petitioned the Court to "direct Ms. Burgess to provide additional details to clarify her complaint." (*Id.* at #135 (capitalization removed)).

The Magistrate Judge granted Defendants' motion, ordering Burgess to supplement her allegations once again—this time, by answering eight specific, numbered questions. (Doc. 18, #177–78). Burgess responded to that directive. (Doc.

2

19). But as Defendants noted in their renewed motion, Burgess's response "did not answer the eight questions" propounded by the Magistrate Judge. (Doc. 21, #218).

Since Burgess failed to clearly answer the eight clarifying questions in the Magistrate Judge's Order, Defendants again asked the Court to direct Burgess to supply a more definite statement of her claim. (*Id.* at #220). This time, though, they included an alternative request to dismiss Burgess's claims without prejudice under Federal Rule of Civil Procedure 41(b), which provides for dismissal when a plaintiff fails to follow a court order. (*Id.* at #220–21).

The Magistrate Judge opted for the latter route by recommending dismissal without prejudice in the R&R under consideration here. (Doc. 22, #225). She started by noting that, in the ten months since Burgess initiated this lawsuit, neither she nor Defendants have been able to understand Burgess's claims. (*Id.* at #224). More importantly, the Magistrate Judge had already afforded Burgess two opportunities to "correct fatal defects [in] her complaint." (*Id.*). On the second of the two occasions, she "directed [Burgess] to answer eight questions that would afford defendants a reasonable opportunity to respond to her amended complaint." (*Id.*). And because Burgess "failed to answer [those] questions," the Magistrate Judge found Burgess's lawsuit subject to dismissal under Federal Rules of Civil Procedure 12(e) and 41(b). (*Id.* at #224–25). The Magistrate Judge also advised the parties that they had fourteen days to object if they wished to do so. (*Id.* at #226). That time has long passed without objection,[2] so the R&R is ripe for the Court's review.

---

[2] Burgess filed a handful of documents after the Magistrate Judge docketed the R&R under consideration here. But because those documents are a "far cry from the specific objections

3

Two of the Federal Rules of Civil Procedure are in play at this juncture. First, Rule 12(e) allows a party to move for "a more definite statement of a pleading … which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). It also provides that, "[i]f the court orders a more definite statement and the order is not obeyed … within the time the court sets, the court may strike the pleading." *Id.* Second, Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action." Fed R. Civ. P. 41(b). Defendants invoked both rules in their motion, asking the Court either to (1) order, for a second time, a more definite statement under Rule 12(e), or (2) dismiss Burgess's claims without prejudice under Rule 41(b) for failure to comply with the Magistrate Judge's earlier Order for a more definite statement. (Doc. 21, #221). As noted, the Magistrate Judge chose the latter. (Doc. 22, #224–25). And because the R&R was unobjected, *see supra* note 2, the Court need only review it for clear error. *Williams v. Parikh*, 708 F. Supp. 3d 1345, 1352

---

advanced to some identified portion of the R&R" warranting a heightened standard of review, the Court treats the R&R as unobjected. *Holsinger v. Warden, Noble Corr. Inst.*, No. 1:23-cv-243, 2024 WL 4986951, at *2 n.2 (S.D. Ohio Dec. 5, 2024) (cleaned up). Each of Burgess's filings suffer from the same problem as her complaint: they are illegible, both in form and substance. The first filing comprises photocopies of certain docket entries and general orders unrelated to this case, accompanied by scrawled handwriting wandering between allegations of denied Social Security benefits and identity theft. (*See* Notice, Doc. 23, #227–35). The second filing requested an extension of time to object to the R&R (affirming that the first document did not constitute an objection). (Doc. 24). The Court granted that request, extending the deadline to object until March 27, 2025. (2/25/25 Not. Order). But before filing her objections, Burgess submitted a different document directed not to the R&R, but to the Magistrate Judge's *earlier* Order directing her to answer eight clarifying questions. (Doc. 25). Aside from being woefully out of time (given the intervening motion and R&R), that filing was also unhelpful, stating simply that the questions were "irrelevant." (*Id.* at #249). And finally, focusing back in on the R&R, Burgess submitted her objections—a day after the extended deadline, and therefore out-of-time. (Doc. 26).

4

(S.D. Ohio 2023); *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

The Magistrate Judge did not err, let alone clearly err, in concluding that dismissal without prejudice is warranted here. To start with, "[t]he Court recognizes that a pro se litigant is held to less stringent standard[s] with regard to the formal rules of pleading. However, a pro se litigant is not permitted to repeatedly disregard court rules and orders." *Bey v. McCandless*, No. 1:22-cv-554, 2022 WL 19521388, at *2 (N.D. Ohio Nov. 30, 2022) (citations omitted), *report and recommendation adopted sub nom.*, *Bey v. Officer McCandless*, No. 1:22-cv-554, 2023 WL 2704143 (N.D. Ohio Mar. 30, 2023). The Magistrate Judge already gave Burgess two bites at the apple owing to her pro se status: first, the opportunity to file an amended complaint before Defendants were served; and second, to respond to the Magistrate Judge's eight specific questions rather than endeavor to provide a more definite statement without any guidance. But Burgess failed to take full advantage of either opportunity. And as a result, now more than a year after she filed her Complaint, no one who has laid eyes on her pleadings can make sense of her allegations. So the Magistrate Judge was correct to find, in line with established practice in this Circuit, that Burgess's conduct rose to the level of disobedience of an order to supply a more definite statement meriting dismissal under Rules 12(e) and 41(b). *Id.* at *2 (collecting cases).

At bottom, the Court need not "wait in perpetuity and give the plaintiff an infinite number of chances to file an actionable claim," *id.* (quotation omitted), so it **ADOPTS** the Magistrate Judge's R&R (Doc. 22), and **DISMISSES** Burgess's claims

5

**WITHOUT PREJUDICE**. The Court also **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, thereby **DENYING** Burgess leave to appeal IFP. But as a non-prisoner, Burgess may nonetheless apply to proceed IFP in the Sixth Circuit Court of Appeals. Fed. R. App. P. 24(a); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); *Miller v. Hudson*, No. 1:24-cv-098, 2024 WL 1704532, at *3 (S.D. Ohio Apr. 19, 2024), *appeal dismissed*, No. 24-3384, 2024 WL 3634240 (6th Cir. June 3, 2024). The Court further **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

    **SO ORDERED.**

June 10, 2025
**DATE**

                      **DOUGLAS R. COLE**
                      **UNITED STATES DISTRICT JUDGE**